UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHELLE MAIO,

                      Plaintiff,

    v.

CAROLYN W. COLVIN,[1]
COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

DECISION & ORDER

17-CV-6049P

## **PRELIMINARY STATEMENT**

Plaintiff Michelle Maio ("Maio") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income Benefits ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge. (Docket # 6).

Currently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket ## 10, 11). For the reasons set forth below, I hereby vacate the decision of the Commissioner and remand this claim for further administrative proceedings consistent with this decision.

---

[1] On January 23, 2017, the day this appeal was filed, Nancy A. Berryhill became Acting Commissioner of Social Security.

## BACKGROUND

### I. Procedural Background

Maio protectively filed for SSI on November 29, 2012, alleging disability beginning on January 1, 1994, due to lupus, fibromyalgia, rheumatoid arthritis, migraine headaches, Raynaud's syndrome, Hashimoto's thyroiditis, chronic fear, post-traumatic stress disorder ("PTSD"), depression, bulging disc, and asthma. (Tr. 163, 167).[2] On June 18, 2013, the Social Security Administration denied Maio's claim for benefits, finding that she was not disabled. (Tr. 82-87). Maio requested and was granted a hearing before Administrative Law Judge Marie Greener (the "ALJ"). (Tr. 89, 109-13). The ALJ conducted a hearing on March 4, 2015.[3] (Tr. 43-68). In a decision dated June 24, 2015, the ALJ found that Maio was not disabled and was not entitled to benefits. (Tr. 14-35).

On December 6, 2016, the Appeals Council denied Maio's request for review of the ALJ's decision. (Tr. 1-7). In the denial, the Appeals Council considered additional medical treatment records, some of which predate and some of which postdate the ALJ's determination, but none of which were submitted until after the ALJ had rendered her decision. (Tr. 2, 5, 8-13, 472-562). The Appeals Council concluded that certain of the records did "not provide a basis for changing the [ALJ's] decision" and that others, specifically a medical source opinion, related to "a later time." (Tr. 2). Maio commenced this action on January 23, 2017, seeking review of the Commissioner's decision. (Docket # 1).

---

[2] The administrative transcript shall be referred to as "Tr. __."

[3] The ALJ originally scheduled the hearing for November 19, 2014, but the hearing was adjourned to permit Maio an opportunity to obtain counsel to represent her. (Tr. 36-42).

2

## II.   Relevant Medical Evidence

The record demonstrates that Maio began treatment with Caren Douenias ("Douenias"), MD, a neurologist, as early as June 2008. (Tr. 302-03). Douenias noted that she treated Maio for chronic headaches and that Maio also suffered from lupus and hypothyroidism. (Tr. 236-50, 302-03, 318-21). According to the treatment notes, Douenias prescribed Topamax and Relpax to manage Maio's migraines. (*Id.*). Despite the medications, Maio reported suffering breakthrough symptoms approximately ten times a month. (*Id.*). Douenias suggested that she gradually increase her dosage of Topamax. (*Id.*).

In 2010, Douenias noted that Maio had asked whether she was a candidate for disability. (*Id.*). The treatment notes suggest that Douenias felt that Maio's other medical impairments were more disabling than her migraines, although she would support Maio's application for benefits. (*Id.*). In 2011, Maio reported difficulty paying for her medical care, and that she was unable to be seen by some of her providers due to unpaid bills. (*Id.*).

Douenias continued to treat Maio through 2013. (*Id.*). During that time, Maio continued to suffer from chronic migraines, for which Douenias prescribed Topamax and Relpax and administered Toradol injections. (*Id.*). The notes also suggest that Douenias had prescribed Maxalt and Imitrex to address Maio's migraine pain, but that those medications had proved ineffective. (*Id.*). According to the notes, an MRI of Maio's brain was normal, and she appeared "neurologically intact." (*Id.*). During an appointment with Maio in September 2013, Douenias referred Maio to a rheumatologist, noted that she was waiting for a referral for pain management, administered a Toradol injection, and increased her Topamax dosage. (*Id.*). At the time, Maio reported that her headaches were frequent and unchanged in character. (*Id.*).

The records suggest that Maio did not return for treatment with Douenias until September 8, 2015. (Tr. 9-10). At that time, Douenias examined Maio and noted that she had last treated her in September 2013. (*Id.*). Douenias nonetheless provided an assessment of Maio's limitations during the period September 2013 through September 2015. (*Id.*). She reported that Maio suffered from migraines approximately twice a month, which could last approximately one and a half days at a time. (*Id.*). Douenias opined that although the migraines would not diminish Maio's concentration, they would interfere with her pace and require rest periods at work. (*Id.*). Additionally, Dounias opined that Maio would likely miss more than four days a month due to her migraines. (*Id.*). Douenias opined that Maio's migraines did not cause her to be totally disabled, although she suffered from other impairments that caused disability. (*Id.*).

## DISCUSSION

**I.      Standard of Review**

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an

4

erroneous legal standard") (internal citation and quotation omitted). Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence." *See* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive"). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). To the extent they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must

employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

> (1) whether the claimant is currently engaged in substantial gainful activity;
>
> (2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
> (3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;
>
> (4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity to perform his past work; and
>
> (5) if not, whether the claimant retains the residual functional capacity to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## II. <u>Analysis</u>

On September 17, 2015, Maio submitted the medical assessment authored by Douenias to the Appeals Council. (Tr. 8-10). The Appeals Council determined that the assessment from Douenias was "new information" concerning a "later time" and therefore did not "affect the decision about whether [Maio was] disabled beginning on or before June 24, 2015." (Tr. 2). Among other alleged errors, Maio contends that remand is warranted because

6

the Appeals Council failed to properly consider this medical assessment. (Docket # 10-1 at 24-25). I agree.

The regulations require the Appeals Council to consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. §§ 404.970(b) and 416.1470(b)[4]; *see Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996). The Appeals Council, after evaluating the entire record, including the newly-submitted evidence, must "then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of evidence currently of record." 20 C.F.R. §§ 404.970(b) and 416.1470(b); *Rutkowski v. Astrue*, 368 F. App'x 226, 229 (2d Cir. 2010). "If the Appeals Council denies review of a case, the ALJ's decision, and not the Appeals Council's, is the final agency decision," although the "[n]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review." *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (quoting *Perez v. Chater*, 77 F.3d at 45). The reviewing court's task then is to determine "whether substantial evidence supports the ALJ's decision[] when the new evidence is included in the administrative record." *Ryder v. Colvin*, 2015 WL 9077628, *4 (W.D.N.Y. 2015).

The parties do not appear to dispute whether Douenias's opinion relates "to the period on or before the date of the [ALJ's] hearing decision," as required by the regulations. *See* 20 C.F.R. §§ 404.970(b) and 416.1470(b). Indeed, although Douenias's opinion postdates the ALJ's hearing decision, it is well-established that "medical evidence generated after an ALJ's decision cannot be deemed irrelevant solely because of timing." *Newbury v. Astrue*, 321 F. App'x 16, 18 n.2 (2d Cir. 2009) (summary order). Rather, in evaluating new evidence, the

---

[4] These regulations have been amended effective January 17, 2017. *See* 81 Fed. Reg. 90987-01 (December 16, 2016). The Court quotes the version of the regulations in effect at the time of the Appeals Council's decision.

court should "distinguish between new evidence that reflects on the severity of the plaintiff's impairment as it existed during the time for which benefits were denied and new evidence which represents new impairments which would not have affected the decision below." *Sears v. Colvin*, 2013 WL 6506496, *5 (N.D.N.Y. 2013).

The record demonstrates that Maio received ongoing treatment from Douenias for her chronic migraines beginning in 2008 and lasting until late-2013. Maio returned for an appointment with Douenias in September 2015, at which time Douenias authored an opinion concerning Maio's migraine-related limitations. Thus, the record makes clear, and the Commissioner does not argue to the contrary, that Douenias qualifies as Maio's treating physician. Douenias's opinion, therefore, is "generally entitled to controlling weight." *Lesterhuis v. Colvin*, 805 F.3d at 88. Moreover, Douenias's opinion explicitly indicated that it related to the period between September 2013 and September 2015. Accordingly, I find that the Appeals Council erred in concluding that the Douenias's opinion related to "later time."

Having reviewed the entire record, including the newly-submitted opinion of the treating physician, I conclude that the ALJ's decision is not supported by substantial evidence because it is contradicted by Douenias's opinion. In her decision, the ALJ concluded that Maio's nonexertional limitations did not compromise her ability to work or erode the occupational base for light work. (Tr. 30). Accordingly, the ALJ concluded that Maio was not disabled pursuant to application of the Medical Vocational Guidelines (the "Grid"), specifically Grid Rule 202.14, 20 C.F.R. Part 404, Subpart P, Appendix 2, without consulting a vocational expert. Yet, Douenias opined that Maio would be absent in excess of four days a month – a significant limitation that vocational experts routinely testify precludes competitive work. *See Racine v. Berryhill*, 2017 WL 4570387, *4 n.9 (W.D.N.Y.) ("vocational experts agree that missing four days of work per

8

month precludes substantial gainful employment") (citing *Pembroke v. Colvin*, 2014 WL 1679419, *10 (W.D.N.Y. 2014)), *report and recommendation adopted*, 2017 WL 4541012 (W.D.N.Y. 2017); *Cestare v. Colvin*, 2016 WL 836082, *3 (W.D.N.Y. 2016) (opinion that plaintiff would be absent from work more than four days per month appeared "inconsistent with the ALJ's conclusion that [plaintiff] was able to maintain competitive employment") (citing *Ruffino v. Colvin*, 2015 WL 9582704, *5 n.6 (W.D.N.Y. ) ("[m]issing four days per month due to an impairment precludes a claimant from competitive employment"), *report and recommendation adopted*, 2015 WL 9581786 (W.D.N.Y. 2015)); *see also Lesterhuis*, 805 F.3d at 88 ("[b]ased on [the vocational expert's] uncontroverted testimony, [the treating physician's] conclusion that [plaintiff] would likely miss more than four days of work per month would, if credited, suffice on its own to support a determination of disability"). Thus, the opinion appears inconsistent with the ALJ's conclusion that Maio was not disabled; at the very least, if given controlling weight, it should have prompted her to consult a vocational expert. Under such circumstances, this Court cannot conclude that the ALJ's determination was supported by substantial evidence. *See Lesterhuis*, 805 F.3d at 89 ("based on the record before us, which includes [the treating physician's opinion submitted to the Appeals Council], we hold that the ALJ's decision is not supported by substantial evidence in the record").

    The Commissioner contends that there are several reasons to discount or reject Douenias's opinion, including that it was internally inconsistent, inadequately supported, and inconsistent with Douenias's treatment notes and prior statements regarding Maio's limitations. (Docket # 11-1 at 24-25). For these reasons, the Commissioner argues, the report does not support Maio's claim for benefits and would not affect the ALJ's decision. (*Id.*). While the Commissioner may be correct that reasons exist for discounting or rejecting Douenias's opinion,

those reasons must be considered in the first instance by the ALJ or the Appeals Council, not by this Court. *See Lesterhuis*, 805 F.3d at 88-89 ("substantive critique of [treating physician's] opinions places courts, and not the SSA, in the position of making factual and medical determinations about the evidence before the agency[;] [n]either the ALJ nor the Appeals Council analyzed the substance of [the treating physician's] opinion, and we may not 'affirm an administrative action on grounds different from those considered by the agency'") (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)). On remand, the ALJ must consider Douenias's opinion and determine whether it should be given controlling weight and whether Maio is ultimately entitled to benefits; if the ALJ determines that the opinion is not entitled to controlling weight, the ALJ must explain the reasons for discounting or rejecting the opinion. *Lesterhuis*, 805 F.3d at 88 (that treating physician's opinion is generally entitled to controlling weight does not preclude the ALJ from concluding, upon remand, that opinion is "not entitled to any weight, much less controlling weight, but that determination should be made by the agency in the first instance").

Maio also challenges the ALJ's decision on the grounds that (1) the ALJ's RFC assessment is inconsistent with the moderate to marked lifting limitations assessed by consultative examiner Look Persaud ("Persaud"), MD, despite the ALJ's apparent reliance on Persaud's opinion, and the lifting limitations assessed by the ALJ are otherwise unsupported by any medical opinion in the record (Docket # 10-1 at 13-15); (2) the ALJ improperly relied upon a conclusory opinion authored by Maio's rheumatologist James Freeman, MD (*id.* at 15-16); (3) the ALJ failed to appropriately assess Maio's credibility (*id.* at 16-25); and, (4) the ALJ failed to consult a vocational expert (*id.* at 25-26). In light of my determination that remand is otherwise warranted, I decline to reach Maio's remaining contentions. *See Erb v. Colvin*, 2015

WL 5440699, *15 (W.D.N.Y. 2015) (declining to reach remaining challenges to the RFC and credibility assessments where remand requiring reassessment of RFC was warranted). Although I do not reach the issues, I note that if the ALJ determines on remand to rely upon Persaud's opinion, the ALJ should consider explaining how that opinion – which assesses moderate to marked limitations for lifting, carrying, pushing and pulling – supports the conclusion that Maio is able to perform the exertional requirements of light work. *See Otts v. Colvin*, 2016 WL 6677192, *4 (W.D.N.Y. 2016) ("the ALJ did not explain how [plaintiff] could perform light work despite the fact that Dr. Persaud opined that she had a 'moderate to marked' restriction for lifting, carrying, pushing, and pulling"). Similarly, the Court anticipates that the ALJ will reconsider her credibility findings in light of the record as a whole, with particular attention to the issues highlighted by Maio.

## CONCLUSION

For the reasons stated above, the Commissioner's motion for judgment on the pleadings **(Docket # 11)** is **DENIED**, and Maio's motion for judgment on the pleadings **(Docket # 10)** is **GRANTED** to the extent that the Commissioner's decision is reversed, and this case is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings consistent with this decision.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
March 7, 2018